**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| OSCAR OSBALDO CRUZ-CRUZ,<br>EVELYN TEJEDA-BARCENAS, and<br>MARIA ISABEL ORTEGA-MARTINEZ, | §<br>§<br>§<br>§ | |
| *Plaintiffs*, | § | Civil Action No.  SA-15-CV-342-XR |
| | § | |
| v. | §<br>§ | |
| MARIA ISABEL CALYMAYOR-<br>BARRIOS, | §<br>§<br>§ | |
| *Defendant*. | §<br>§ | |

**ORDER**

On this date, the Court considered Defendant Maria Isabel Calymayor-Barrios' Bill of Costs (Docket no. 98) and the Objections thereto.

**BACKGROUND**

As the prevailing party, Defendant seeks $11,189.39 in costs pursuant to Federal Rule of Civil Procedure 54(d). Rule 54(d) provides that costs "shall be allowed as of course to the prevailing party." FED. R. CIV. P. 54(d). Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Federal Rule of Civil Procedure 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Id.* Section 1920 provides,

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

1

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant seeks $6,999.39 for printed or electronically recorded transcripts necessarily obtained for use in the case and $4,190.00 for compensation of interpreters and costs of special interpretation services for a total of $11,189.39. Docket no. 98 at 1.

## DISCUSSION

### I.    Plaintiffs' Objections

As a preliminary matter, the Court will address Plaintiffs' objections to Defendant's bill of costs because these objections are generally applicable to an award of any costs and do not point to specific costs that Plaintiffs argue are not recoverable. Plaintiffs' original objections, accompanied by financial statements, declared that Plaintiffs "do not have any funds to pay for these costs." Docket no. 100 at 1. Refining this argument in a reply to Defendant's reply, they argue that the Court has discretion to award costs under Rule 54(d), and that under this discretion, costs should be denied. Docket no. 102 at 1–2 (citing *Marx v. Gen. Revenue Corp.*, 133 S.Ct. 1166, 1178 n.9 (2013)).

In *E.A.F.F. v. United States*, SA-08-CA-124-XR, 2014 WL 2155263, at *5–6. (W.D. Tex. May 22, 2014), this Court addressed a similar argument—the plaintiffs tried to avoid a prevailing defendant's bill of costs based on their own poverty and the important public issues raised by

2

their litigation. We explained that, though Rule 54(d) gives discretion to award costs, this discretion is "circumscribed by the judicially created condition that a court must articulate a good reason for denying costs." *Id.* at *5 (citing *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006)). In rejecting the plaintiffs' argument that their poverty justified the exercise of discretion and the denial of costs, we explained the Fifth Circuit's stance on the issue and the practice of many district courts in this circuit:

> The Fifth Circuit has not decided whether the Court may consider the non-prevailing party's indigency, but has held that the court may not consider the comparative wealth of the parties or the absolute wealth of the prevailing party as a basis for reducing or eliminating a cost award. *Moore v. CITGO Ref'g & Chems. Co., L.P.*, 735 F.3d 309, 319–20 (5th Cir. 2013). District courts within the Fifth Circuit, including this Court, have generally held that indigency is not a sufficient reason to permit a losing party to avoid costs. *See, e.g., Petri v. Kestrel Oil & Gas Properties, L.P.*, No. H–09–3994, 2013 WL 265973, at *7 (S.D.Tex. Jan.17, 2013) ("indigency is not a reason to permit a losing party to avoid costs"); *Shaw v. Hardberger*, No. SA–06–CV–751–XR, 2010 WL 1424726, at *1 (W.D.Tex. Apr. 7, 2010) (noting that even those proceeding in forma pauperis may be required to pay costs); *C.H. v. Folks*, No. 10–CA–0114–XR, 2011 WL 3501862, at *5 (W.D.Tex. Aug. 9, 2011) (noting that the Fifth Circuit had not adopted an indigency exception and that even parties proceeding in forma pauperis may be liable for costs as in other proceedings).

*Id.* at *6 (footnotes omitted).

Based on these precedents, the Court has examined the arguments and evidence presented by Plaintiffs concerning their indigency, and declines to exercise discretion in denying costs to the prevailing Defendant on this basis.

## II.   Requested Costs

### A.   Fees for Printed or Electronically Stored Transcripts

Defendant seeks $6,999.39 in costs based on electronically recorded transcripts for six items: (1) $3,383.75 to video record Plaintiffs' depositions; (2) $120.00 for two DVD copies of

Defendant's deposition, which was noticed by Plaintiffs; (3) $1,081.35 for taking and transcribing the deposition of Plaintiff Maria Isabel Ortega-Martinez; (4) $1,165.75 for taking and transcribing the depositions of Plaintiffs Maria Isabel Ortega-Martinez and Evelyn Tejeda-Barcenas; (5) $916.70 for taking and transcribing the deposition of Plaintiff Oscar Osbaldo Cruz-Cruz; and (6) $331.84 for a copy of Defendant's deposition.

Costs related to the taking of depositions are allowed under § 1920(2) "if the materials were necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). "[A] deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for the use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Deposition costs are generally allowed if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to counsel at the time it was taken. *Copper Liquor v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982). In addition, copies of depositions are allowed if they were necessarily obtained for use in a case pursuant to § 1920(4). *Gaddis*, 381 F.3d at 456. Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. *Fogleman*, 920 F.2d at 285–86.

The United States Court of Appeals for the Fifth Circuit has not addressed whether a prevailing party in a case can recover both printed and video graphic transcription costs. *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 786 (N.D. Tex. 2014). Even though both print and video transcripts are recoverable under 28 U.S.C 1920(2), "this court generally does not award costs for both." *Dixon v. Comal City., Texas*, No. SA-09-CV-831-XR, 2011 WL 1565970, at *1

(W.D. Tex. Apr. 25, 2011). Therefore, the Court will award Defendant the more expensive costs of either print or video transcription for those deponents.[1]

Accordingly, the Court awards $331.84 for the deposition transcript of Defendant Maria Isabel Calymayor-Barrios, Docket no. 98, Ex. C-3, and denies the requested $120.00 in costs for DVDs of that deposition, *id*., Ex. B-1. The Court awards $1314.10 for the deposition transcript of Plaintiff Maria Isabel Ortega Martinez, *id*., Ex. C, C-1, and denies the requested $1,283.75 for the video of that deposition, *id*., Ex. B. The Court awards $1,050.00 for the deposition video for Plaintiff Evelyn Tejeda-Barcenas, *id*., and denies the requested $933.00 for the deposition transcript, *id*., Ex. C-1. Last, the Court awards $1,050.00 for the deposition video for Plaintiff Oscar Osbaldo Cruz-Cruz, *id*., Ex. B, and denies the requested $916.70 for the deposition transcript, *id*., Ex. C-2. In sum, the Court awards $3,745.94 for deposition costs based on the more expensive of a video or printed transcript for each deposition taken.

### B.  Compensation of Interpreters and Special Interpretation Services

Defendant requests $4,190.00 for compensation of interpreters and interpretation services. Section 1920(6) permits recovery of costs for "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920(6). Defendant's requested costs for interpretation are allowed pursuant to § 1920(6).

### CONCLUSION

In sum, $7,935.94 in costs are awarded to Defendant as follows:

---

[1] The Court finds that these depositions, regardless of form, were necessarily obtained for use in the case. Defendant stated that these depositions permitted her "to better prepare her defense" and that at trial, "counsel for Defendant cross examined all three Plaintiffs regarding their previous testimony given at their respective depositions." Docket no. 98 at 1–2.

(1) $3,745.94 for deposition transcripts, copies, and videos; and

(2) $4,190.00 for interpretation services.

It is so ORDERED.

SIGNED this 12th day of October, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE